WYCKOFF, SEAMANS & BENEDICT v. WAGNER TYPEWRITER CO.

(Circuit Court, S. D. New York. December 16, 1899.)

1. WITNESSES—PERSONAL PRIVILEGE—EXPOSURE TO PROSECUTION OR PENAL LIABILITY.

Whether the answer to a question asked a witness may reasonably have a tendency to criminate him, so as to justify his refusal to answer, under Rev. St. § 860, is to be determined by the court, in view of the pleadings and the other testimony in the case.

2. SAME.

Where it is charged in the pleadings that a corporation, which is a party, is a constituent part of a combination or trust formed in violation of the federal and state statutes, a witness who is a stockholder in such corporation is justified in refusing to answer a question directed to obtaining information as to the transfer by the witness of his own stock, and touching his individual transactions in the formation of the alleged trust, on the ground that the answer might tend to criminate him, and subject him to the penalties and forfeitures provided by such statutes.

In Equity.

This is an equity action brought by the complainant against the defendant to restrain the infringement of certain letters patent for improvements in typewriting machines, and for an accounting. Among other defenses, the defendant alleged in its answer that the complainant corporation turned over its profits to an illegal combination of typewriter manufacturers, in restraint of trade, and for the purpose of enhancing prices thereof, of which illegal combination complainant was a part and parcel, and that by reason thereof complainant had violated the antitrust statutes of the United States in such cases made and provided, and was not entitled to any relief in the court of equity,

and had no right to bring this action. The defendant sought to prove these allegations in its anwer by H. H. Benedict, the president of the complainant company. During the examination of Benedict before the examiner, the questions hereinafter quoted in the opinion of the court were propounded to the witness. The witness declined to answer, and demurred to the questions, on the ground that his answer thereto might subject him to the pains and penalties contained in the federal antitrust act and statutes of the state of New York to prevent combinations and monopolies. Thereupon, at the request of defendant's counsel, the examiner certified the record to the court for its decision as to whether or not the witness should be required to answer the questions.

H. D. Donnelly and J. W. Suggett, for complainant.

A. v. Briesen and Charles Strauss, for defendant.

LACOMBE, Circuit Judge. The first question upon which a ruling is asked reads as follows:

"Q. 9. When did you last have in your possession or under your control any of the papers mentioned in this subpœna?"

The papers mentioned in the subpœna were agreements or correspondence relating to the sale or exchange of the witness Benedict's individual stock in the corporation of Wyckoff, Seamans & Benedict.

The second question reads as follows:

"Q. 10. Will you state whether or not, in an agreement made between yourself and Mr. Charles N. Fowler, in the fall of 1892, it was not provided, among other things, as follows: 'The vendors, each for himself, contract, covenant, and agree that they, and each of them, will, upon the consummation of this contract in due form, assign and transfer any and all patents owned by them, and any and all interests which they may have in any patents, covering, appertaining, or relating to typewriting machines'?"

It is quite apparent that the purpose of these questions, which are directed to obtaining information as to the witness' own transfer of his own shares of stock, and touching his individual transactions in the formation of the Union Typewriter Company, which it is charged is an illegal trust, is to establish the proposition that the witness has himself violated the provisions of the antitrust act. That being so, his declination to answer the questions on the specific ground that his answer might have a tendency to incriminate himself is well taken.

On Motion to Settle Order.

The discussion had upon the settlement of the order in this case has practically amounted to a reargument, which, however, has left the opinion of the court unchanged. This is not a case arising under the peculiar language of the interstate commerce act, which was discussed in Commission v. Brimson, 154 U. S. 448, 14 Sup. Ct. 1125, 38 L. Ed. 1047, and in Brown v. Walker, 161 U. S. 591, 16 Sup. Ct. 644, 40 L. Ed. 819, in which latter case, by a bare majority, the court held that the witness was compellable to answer. We are dealing here only with the provisions of section 860 of the United States Revised Statutes, and the case of Counselman v. Hitchcock, 142 U. S. 547, 12 Sup. Ct. 195, 35 L. Ed. 1110, is controlling. Of course, the witness is not the tribunal ultimately to decide whether the question will or will not tend to incriminate him. It is for the

judge before whom the question arises to decide whether an answer to the question put may reasonably have a tendency to criminate the witness, or to furnish proof of a link in the chain of evidence necessary to convict him of a crime. Ex parte Irvine (C. C.) 74 Fed. 954.

The two questions are as follows:

"Q. 9. When did you last have in your possession or under your control any of the papers mentioned in this subpœna?"

"Q. 10. Will you state whether or not, in an agreement made between yourself and Mr. Charles N. Fowler in the fall of 1892, it was not provided, among other things, as follows: 'The vendors, each for himself, contract, covenant, and agree that they, and each of them, will, upon the consummation of this contract in due form, assign and transfer any and all patents owned by them, and any and all interests which they may have in any patents, covering, appertaining, or relating to typewriting machines'?"

An examination of the subpœna indicates that the papers mentioned in question 9 are of the character more specifically recited in question 10. Considered by themselves, the questions are not obnoxious to the objection, but they must be read in the light of the pleadings and of the other testimony in the case. When such examination is had, it becomes apparent that it is contended that some combination of the character denounced by federal and state statute, as being in restraint of trade, or promotive of a monopoly, has been formed, and that this very witness was an active party in such formation. Under these circumstances, the court can very well see how, if an answer were enforced to these questions, it might disclose some fact which would form a link in the chain of testimony, in the event of prosecution for the commission of the offense prohibited by the statute. The motion to require the witness to answer is therefore denied.